# IN THE COURT OF APPEALS OF IOWA

No. 14-0861
Filed April 22, 2015

**STATE OF IOWA,**
       Plaintiff-Appellee,

**vs.**

**RANDI LYNN MATHIS,**
       Defendant-Appellant.
_____

Appeal from the Iowa District Court for Muscatine County, Gary P. Strausser, District Associate Judge.

Defendant appeals her conviction for driving while barred.  **AFFIRMED.**

Jeffrey L. Powell of The Law Office of Jeffrey L. Powell, Washington, for appellant.

Thomas J. Miller, Attorney General, Heather A. Mapes, Assistant Attorney General, Alan R. Ostergren, County Attorney, and Kevin McKeever and Oubonh P. White, Assistant County Attorneys, for appellee.

Considered by Danilson, C.J., Bower, J., and Mahan, S.J.*

*Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2015).

**MAHAN, S.J.**

Defendant Randi Mathis appeals her conviction for driving while barred. She contends the trial court should have granted her motion to suppress because officers did not have sufficient grounds to seize her. We agree with the court's conclusion there was no seizure. We affirm Mathis's conviction.

## I.  Background Facts & Proceedings.

On September 28, 2013, officers Andy Fry and Jason Nusbaum of the Muscatine Police Department were parked near each other after completing a traffic stop of an unrelated vehicle. They saw Mathis drive by in a white vehicle and turn into an alley. Chad Johnson was a passenger in the front seat, and a third person was a passenger in the backseat. Officer Nusbaum believed the third person was Johnson's brother, who was the subject of an active warrant.

The officers drove into the alley; they did not activate their lights or sirens. The white vehicle was parked, with the motor running, across a driveway, parallel to the alley. Officer Fry parked in the alley, parallel to the white vehicle, but facing the opposite direction. Officer Nusbaum parked about thirty feet behind Officer Fry. Officer Fry testified Mathis could have easily backed out down the alley. She could also have driven forward down the alley, although this would have required her to drive on the grass to get around his vehicle. He stated it looked like other people had previously driven on the grass. Video from dashboard cameras in both patrol cars shows the incident, including the position of the vehicles.

When the officers approached the white vehicle, the backseat passenger was gone, and they were not able to identify who the person was. Officer Fry

asked Mathis for her driver's license. She produced an Iowa identification card and stated she did not have a driver's license. The officers discovered Mathis had been barred from driving, and they arrested her.

Mathis was charged with driving while barred, in violation of Iowa Code section 321.561 (2013), an aggravated misdemeanor.[1] She filed a motion to suppress, claiming she had been improperly seized by the officers because they detained her vehicle. A suppression hearing was held on March 10, 2014. The court determined, "there was no seizure of the Defendant when officers initially approached." The court noted the officers did not activate their lights or sirens, and there were no threats of physical force. The court also found, "it's clear the manner in which the squad cars were parked did not prevent Ms. Mathis from leaving the scene." The court denied the motion to suppress, finding there had been no seizure.

Mathis waived her right to a jury trial, and the case proceeded to a trial to the court based upon the evidence presented at the suppression hearing. The court determined Mathis was guilty of driving while barred. She was sentenced to 180 days in jail, with 120 days suspended, and placed on probation for twenty-four months. Mathis now appeals, claiming the district court should have granted her motion to suppress.

## II. Standard of Review.

When a challenge to a ruling on a motion to suppress raises constitutional grounds, our review is de novo. *State v. Breuer*, 577 N.W.2d 41, 44 (Iowa 1998).

---

[1] Mathis had previously been determined to be a habitual offender under section 321.555, and her driver's license was revoked under section 321.560.

We conduct an independent evaluation of the totality of the circumstances as shown by the entire record. *Id.* We give deference to the court's factual findings based on the court's opportunity to observe the witnesses but are not bound by such findings. *State v. Pals*, 805 N.W.2d 767, 771 (Iowa 2011).

**III. Merits.**

Mathis contends she was seized by the officers. She states the way the patrol cars were parked substantially impaired her ability to leave the alley. She asserts a reasonable person would not have felt free to leave in the circumstances of this case.

Whether a "seizure" has occurred for Fourth Amendment purposes is determined by the totality of the circumstances. *State v. Lowe*, 812 N.W.2d 554, 570 (Iowa 2012). In considering whether there has been a seizure, factors the court may consider include the threatening presence of several officers, the display of a weapon by an officer, some physical touching of the defendant, or the use of language or tone of voice indicating compliance might be compelled. *State v. Wilkes*, 756 N.W.2d 838, 842-43 (Iowa 2008). For a seizure, there must be "objective indices of police coercion." *Lowe*, 812 N.W.2d at 570.

On the other hand, not all contact between a police officer and an individual is considered to be a seizure under the Fourth Amendment. *Id.* "[O]therwise inoffensive contact between a member of the public and the police cannot, as a matter of law, amount to a seizure of that person." *Wilkes*, 756 N.W.2d at 843. There has been no seizure if "a reasonable person would feel free "to disregard the police and go about his business."" *Id.* (quoting *Florida v. Bostick*, 501 U.S. 429, 434 (1991)).

> [L]aw enforcement officers do not violate the Fourth Amendment by merely approaching an individual on the street or in another public place, by asking him if he is willing to answer some questions, by putting questions to him if the person is willing to listen. The person approached . . . need not answer any question put to him; indeed, he may decline to listen to the questions at all and may go on his way. If there is no detention—no seizure within the meaning of the Fourth Amendment—then no constitutional rights have been infringed.

State v. Smith, 683 N.W.2d 542, 546-47 (Iowa 2004) (quoting Florida v. Royer, 460 U.S. 497-98 (1983)).

"[T]he location of the patrol car(s) in relation to the parked vehicle [is] a factor in determining whether a seizure occurred under the Fourth Amendment." Wilkes, 756 N.W.2d at 844. When police vehicles do not wholly block a defendant's ability to leave, but only slightly restrict egress, "the positioning of the vehicles does not create a detention." Id. The court has found there had not been a seizure when a defendant's ability to drive away "was not substantially impaired." Id.

Furthermore, when an officer does not stop a vehicle, but merely walks up to a vehicle that is already stopped, as any citizen might do, there has generally not been a seizure. State v. Harlan, 301 N.W.2d 717, 720 (Iowa 1981); see also Smith, 683 N.W.2d at 547 (finding there was no seizure when an officer asked the driver of a stopped vehicle for identification and the person voluntarily complied with the request).

On our de novo review, we agree with the district court's conclusion there was no seizure of Mathis in this case. The officers did not stop Mathis's vehicle. They did not have their lights and sirens on. The evidence showed Mathis's ability to drive away from the officers was not substantially impaired. She had

two means of egress. She could have backed out down the alley or she could have driven forward past the officers' vehicles. There was no evidence the officers engaged in a display of force or used language that would have made Mathis believe she was compelled to comply with the request for her driver's license. The record in this case does not show there were objective indices of police coercion.

We affirm Mathis's conviction for driving while barred.

**AFFIRMED.**